IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**JUSTIN EOFF**                                                                                                   **PLAINTIFF**
*ADC #127564*

v.                                             **CASE NO. 5:18-CV-00144-BSM**

**KEITH MALLETT**                                                                                              **DEFENDANT**

## ORDER

Justin Eoff's motion for attorney's fees [Doc. No. 76] is granted, but the total award is limited to $338.75.

A plaintiff who prevails on a claim under 42 U.S.C. section 1983 claim may recover reasonable attorney's fees under 42 U.S.C. section 1988. When the plaintiff is a prisoner, however, any fee award is limited by the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e(d). A prevailing plaintiff must pay his own attorney's fees if the fees do not exceed 25% of the judgment. *Id.* Any fees in excess of 25% of the judgment must be paid by the defendant, but only up to a total fee amount of $150% of the judgment. *Id.* This 150% limit applies even when the plaintiff recovers only nominal damages. *See Keup v. Hopkins*, 596 F.3d 899, 905 (8th Cir. 2010).

The judgment entered for Eoff against Keith Mallet consisted of $1 in nominal damages and $270 in punitive damages, for a total of $271. *See* Doc. No. 74. The maximum fee on which any award must be based is 150% of the $271 judgment, and so it is $406.50. Eoff is responsible for the first 25% of the judgment, which is $67.75. *See Murphy v. Smith*, 138 S.Ct. 784, 787 (2018) (holding district courts must apply judgment funds toward the fee

award up to the 25% cap). Eoff may, however, recover the balance of the $406.50 from Mallett, which is $338.75. Although a reasonable fee for Eoff's attorney far exceeds this amount, the PLRA precludes any further recovery from Mallett.

    IT IS SO ORDERED this 30th day of November, 2021.

_____
UNITED STATES DISTRICT JUDGE